## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON**<br>**316 Covered Bridge Road**<br>**King of Prussia, PA 19406**<br><br>**Plaintiff**<br><br>v.<br><br>**ICAPITAL CASH INC., a New York**<br>**corporation**<br>**LCF GROUP, LLC, a New York**<br>**corporation**<br>**LAST CHANCE FUNDING INC., a New**<br>**York corporation**<br>**ED ORE, individually and as an Officer of**<br>**iCapital**<br>**GARY DAMICO, individually and as an**<br>**Officer of iCapital**<br>**EDWARD SAMWAYS, , individually and**<br>**as an officer of iCapital**<br><br>**411 Hempstead Turnpike, Suite 100,**<br>**West Hempstead, New York 11552**<br><br>**and Does 1-100, inclusive**<br><br>**Defendants** | ) Civil Action No. 2:17-cv-02620<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FILED**

**JUN 2 3 2017**

KATE BARKMAN, Clerk
By_____Dep. Clerk

## AMENDED COMPLAINT:

This is an action brought by Plaintiff JAMES EVERETT SHELTON for damages, statutory

damages, interest, court costs, and injunctive relief under rights pursuant to Federal Statute 47

U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions

and deliberate and knowing tortious activity of ICAPITAL CASH INC. (iCapital), LCF

GROUP, LLC (LCF), LAST CHANCE FUNDING INC., ED ORE, GARY DAMICO,

EDWARD SAMWAYS, and DOES 1 through 100, inclusive (collectively, "Company") in

negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system ("RoboCalls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.      Introduction

**1.**   Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations and RoboCalls made by an automatic telephone dialing system by which it markets its products and services, and failure to maintain a Do-Not-Call policy or list in connection therewith.

**2.**   All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## II.      Jurisdiction and Venue

**3.**   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**4.**   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendant conducts business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent... ; it occurred when the [facsimile] was received.

## III.      Parties

**5.**  Plaintiff JAMES EVERETT SHELTON ("Plaintiff") is an individual who received the alleged phone calls on his private mobile telephone line, (484) 626-3942, mentioned herein. Plaintiff is an adult individual residing at 316 Covered Bridge Road, King of Prussia, PA 19406.

**6.**  Defendant ICAPITAL CASH INC. ("iCapital") is a New York corporation that markets, sells, and/or brokers "merchant cash advances" and business loans to businesses throughout the United States, and transacts business in, inter alia, Montgomery County, Pennsylvania, which lies within this Judicial District. iCapital has a principal mailing address located at 411 Hempstead Turnpike, Suite 100, West Hempstead, New York 11552

**7.**  Defendant LCF GROUP, LLC ("LCF") is a New York corporation that markets, sells, and/or brokers "merchant cash advances" and business loans to businesses throughout the United States, and transacts business in, inter alia, Montgomery County, Pennsylvania, which lies within this Judicial District. LCF has a principal mailing address at the same location as iCapital, 411 Hempstead Turnpike, Suite 100, West Hempstead, New York 11552

**8.**  Defendant LAST CHANCE FUNDING INC. is a New York corporation that markets, sells, and/or brokers "merchant cash advances" and business loans to businesses throughout the United States, and transacts business in, inter alia, Montgomery County, Pennsylvania, which lies within this Judicial District. Company has a principal mailing address at the same location as iCapital and LCF, 411 Hempstead Turnpike, Suite 100, West Hempstead, New York 11552.

**9.**  Defendant ED ORE is an adult individual and an Officer and/or business funding Executive of the Company. He may be served at the principal office of the Company, 411 Hempstead Turnpike, Suite 100, West Hempstead, New York 11552.

**10.** Defendant EDWARD SAMWAYS is an adult individual and an Officer and/or business funding Executive of the Company. He may be served at the principal office of the Company, 411 Hempstead Turnpike, Suite 100,West Hempstead, New York 11552.

**11.** Defendant GARY DAMICO is an adult individual and an Officer and/or business funding Executive of the Company. He may be served at the principal office of the Company, 411 Hempstead Turnpike, Suite 100,West Hempstead, New York 11552.

**12.** Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

**13.** At all times herein mentioned, iCapital, LCF, Last Chance Funding, Ore, Samways, Damico, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

**14.** At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## IV.    **Factual Allegations**

**15.** Standing is proper under Article III of the Constitution of the United States of

America because Plaintiff's claims state: a.) a valid injury in fact, b.) which is traceable to the conduct of the defendants, and c.) and is likely to be redressed by a favorable judicial decision. See, Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6, and Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560. 29."

**16.** In or about May 16, 2016, Plaintiff received the first of multiple telephone solicitations by Defendants and/or their agents at Plaintiff's personal mobile telephone, 484-626-3942. Plaintiff had not consented to this solicitation.

**17.** The incoming call displayed caller identification showing 646-793-9096, and upon answering, Plaintiff heard a pause and a "pop", before he was connected with "Gary" at iCapital.

**18.** The unsolicited telephone call was placed to Plaintiff's personal mobile telephone number and utilized an "automatic telephone dialing system" to transmit a message, as prohibited by 47 U.S.C. § 227(b)(1)(B).

**19.** The telephone call was made by an automatic telephone dialing system because there was a delay before the company agent, Gary, answered the phone, and because Plaintiff heard a characteristic "pop" before he was connected.

**20.** Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

**21.** Plaintiff's telephone number was on the National Do-Not-Call registry since 2015.

**22.** Plaintiff spoke to the agent, "Gary" that answered and confirmed corporate identity with the agent, including company website and address.

23. Plaintiff received an e-mail confirming the identity of the caller.

24. Plaintiff received another RoboCall from Defendants on May 30, this time from "Eddie" (Defendant Edward Samways). Plaintiff's caller ID read 215-325-9039. Plaintiff received an e-mail from Eddie, once again confirming the caller's identity.

25. Plaintiff understood the call to be a RoboCall placed using an automatic telephone dialing system because he heard a pre-recorded message, and Plaintiff first spoke with another unknown individual who "pre-qualified" Plaintiff for a business loan, and subsequently transferred Plaintiff to Defendants.

26. Plaintiff was not interested in Defendant's services or sales pitch and never consented to receive additional calls.

27. However, "Eddie" called Plaintiff again the following day, May 31. Plaintiff requested that Eddie send Plaintiff an e-mail confirming his identity.

28. Plaintiff reiterated through electronic mail to Eddie that he did not wish to receive any more calls, and requested that the Defendants place his number on the company Do-Not-Call list and provide Plaintiff with a copy of the Defendant's internal Do-Not-Call policy.

29. Defendants failed and/or refused to comply with Plaintiff's reasonable written request.

30. On June 6, Plaintiff received another call from Defendants- this time from "Gary". Plaintiff's caller ID read 646-793-9096.

31. Plaintiff received two more calls from the Defendants the next day, June 7, and received another call on June 8.

32. Plaintiff was fed up with receiving these annoying and disruptive calls and e-

mailed defendants again to inform them to stop calling. Plaintiff notified Defendants of the impending litigation. Plaintiff offered Defendants the opportunity to settle this matter for a nominal sum, to no avail. Defendants telephoned Plaintiff shortly thereafter on an unknown number and the parties were not able to reach an amicable settlement.

**33.** Despite demand, Defendants failed to place Plaintiff's telephone number on Company's internal Do-Not-Call list.

**34.** These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

**35.** Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls for sales purposes on his personal mobile telephone. Plaintiff never provided his contact information to Company on an inquiry form, online or otherwise.

**36.** Plaintiff had no prior business relationship with any one, more, or all of Defendants.

**37.** The RoboCalls violated various portions of 47 U.S.C. § 227 and 47 CFR § 64.1200.

**First Cause of Action**

(Negligent Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

**38.** Plaintiff incorporates and re-alleges, as though fully set forth herein, each of the paragraphs above.

**39.** As a result of Defendants' and Defendants' agents negligent violations of 47

U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

**40.** Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call" Prohibition, 47 U.S.C. § 227 et
seq.)

**41.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**42.** As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**43.** Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

**44.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**45.** As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227, et. seq., Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the private right of action.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et

seq.)

**46.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

**47.** As a result of Defendants' and Defendants' agents negligent violations of 47 CFR

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every

violation, pursuant to the implied private right of action.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et

seq.)

**48.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

**49.** As a result of Defendants' and Defendants' agents negligent violations of 47 CFR

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every

violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

**50.** Plaintiff incorporates and re-alleges, as though fully set forth herein, each of the

paragraphs above.

**51.** As a result of Defendants' and Defendants' agents knowing and/or willful

violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up

to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

**52.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**53.** As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

**54.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**55.** As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:

### I.    PRAYER FOR RELIEF

On Causes of Action 1-8:

1.  For awards of $500 for each negligent violation as set forth in actions 1-8;

2.  For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-8.

3.  Injunctive relief against Defendants, and each of them, to prevent future

wrongdoing; Total statutory damages: **$24,000** (Seven counts each of: Sales Call, Robocall, and one count each for: Failure to put Plaintiff's number on Company's internal Do-Not-Call list, and Failure to Provide a Written Copy of Defendant's Do-Not-Call policy, with treble damages for each).

For All Causes of Action:

4. Prejudgment interest at the maximum legal rate;

5. Costs of suit herein incurred; and

6. All such other and further relief as the Court deems proper.

## V.     **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: 6/23/2017

*James E Shelton*

James Everett Shelton
*Plaintiff Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
jamieshelton66@yahoo.com